■ In the Matter of STANLEY M. (ANONYMOUS), Appellant.— In a proceeding in which appellant was previously found to be a person in need of supervision and placed on probation, the appeal is from an order of the Family Court, Queens County, dated October 4, 1971, which, after a determination that he had violated the terms of his probation, revoked the probation and

placed him in the New York State Training School for Boys for 18 months. Order modified, on the law and in the exercise of discretion, by striking therefrom the decretal paragraph which ordered appellant placed in the New York State Training School for Boys for 18 months, and proceeding remitted to the Family Court for the purpose of placing appellant in a suitable environment (Family Ct. Act, § 756, subd. [a]). As so modified, order affirmed, without costs. In our opinion, the placement in the training school, without giving appellant a final chance at rehabilitation in a program designed for his needs and age, was an improvident exercise of discretion. Appellant was originally adjudicated a person in need of supervision (PINS) as the result of a petition filed by his mother. Although he violated the terms of his probation, he claimed that the drug rehabilitation program in which he had been placed was for older persons. His probation officer felt that a structured setting such as the Division for Youth, New York State Training School, was now appropriate. The law guardian and a representative of the Addiction Services Agency of the City of New York recommended that appellant be placed in a specified 24-hour residential drug rehabilitation program suitable for his age. Appellant's mother also desired that he be given this final opportunity. While the approach of the probation officer and the Family Court is readily understandable, we believe that, under all of the circumstances, there should be a remission to the Family Court for the purpose of placing appellant in an environment more suitable to his present condition and age (*Matter of Arlene H.* [*Anonymous*], 38 A D 2d 570; *Matter of Jeanette P.*, 34 A D 2d 661; see, also, *Matter of Lloyd*, 33 A D 2d 385). We find the constitutional arguments without merit. Appellant did not appeal from the original PINS adjudication and disposition. Further, the analogy to the alleged unconstitutional vagueness of the former Wayward Minors Statute (Code Crim. Pro., § 913-a *et seq.*) is not well taken (see *People* v. *Salisbury*, 18 N Y 2d 899). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.